# United States Court of Appeals for the Federal Circuit

2007-1050, -1051, -1052, -1053

GILBERT P. HYATT,

Plaintiff-Appellee,

v.

Jon W. Dudas, DIRECTOR, PATENT AND TRADEMARK OFFICE,

Defendant-Appellant.

Kenneth C. Bass, III Sterne, Kessler, Goldstein & Fox P.L.L.C., of Washington, DC, argued for plaintiff-appellee. On the brief were Michael J. Martinez and Michael I. Coe, Crowell & Moring, LLP, of Washington, DC. Of counsel on the brief was Gregory L. Roth, Law Offices of Gregory L. Roth, of La Palma, California. Of counsel was J. Robert Chambers, Wood, Herron & Evans, L.L.P., of Cincinnati, Ohio.

Robert J. McManus, Associate Solicitor Solicitor's Office, United States Patent and Trademark Office, of Arlington, Virginia, argued for defendant-appellant. With him on the brief were Stephen Walsh, Acting Solicitor, Thomas W. Krause and William G. Jenks, Associate Solicitors.

Appealed from: United States District Court for the District of Columbia

Judge Henry H. Kennedy, Jr.

# United States Court of Appeals for the Federal Circuit

2007-1050, -1051, -1052, -1053

GILBERT P. HYATT,

Plaintiff-Appellee,

v.

Jon W. Dudas, DIRECTOR, PATENT AND TRADEMARK OFFICE,

Defendant-Appellant.

Appeal from the United States District Court for the District of Columbia in case no. 04-CV-1138, 04-CV-1139, 04-CV-1802, 05-CV-0310, Judge Henry H. Kennedy, Jr.

_____

DECIDED: December 23, 2008

_____

Before NEWMAN and GAJARSA, Circuit Judges, and WARD, District Judge.[*]

GAJARSA, Circuit Judge.

The Patent and Trademark Office ("PTO") appeals a decision of the United States District Court for the District of Columbia in a consolidated case involving four civil actions brought by Gilbert P. Hyatt under 35 U.S.C. § 145 (2000). In his section 145 actions, Hyatt challenged decisions of the Board of Patent Appeals and Interferences ("Board") that affirmed the rejections of all claims in twelve of his patent applications. The district court's decision vacated the Board's decisions and remanded Hyatt's case to the Board for further consideration. The PTO raises two issues on

---

[*]     Honorable T. John Ward, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

appeal.  The first issue is the extent to which 37 C.F.R. § 1.192(c)(7) (2000)[1] allows the Board to affirm the rejections of groups of patent claims based upon its consideration of certain representative claims.  In particular, the PTO challenges the district court's holding that the Board misinterpreted the meaning of "ground of rejection" in section 1.192(c)(7) and, as a result, improperly selected certain claims to be representative of groups of claims that were rejected on different grounds.  The second issue is whether the district court's remand order requires the Board to consider arguments that Hyatt allegedly waived by failing to raise them before the Board in his initial appeals.  Because we conclude, first, that the district court correctly interpreted section 1.192(c)(7) and, second, that the district court's remand order does not require the Board to consider arguments waived by Hyatt, we affirm.

## BACKGROUND

This case concerns the patentability of approximately 2,400 claims in twelve related patent applications in areas including microcomputers, computer memories and displays, and global positioning systems.  Hyatt filed all twelve applications between April and June of 1995.  However, all twelve applications were part of a series of continuation applications that claim priority to ancestor patent applications dating back to the early 1980s or before.  In addition, all twelve applications were amended to add hundreds of claims that were not included in the original applications.

---

[1] 37 C.F.R. § 1.192(c)(7) (2000) was replaced by 37 C.F.R. § 41.37(c)(1)(vii), effective September 2004.  See Rules of Practice Before the Board of Patent Appeals and Interferences, 69 Fed. Reg. 49,960, 49,962-63 (Aug. 12, 2004).  However, the former rule was applicable during Hyatt's appeals to the Board and thus it is the applicable rule here.

The PTO examiner rejected all the claims in Hyatt's applications. The most common basis for rejection was that the claims lacked written description support as required by 35 U.S.C. § 112 ¶ 1. However, the PTO also rejected some claims for lack of enablement and for obviousness.

Hyatt appealed the examiner's rejections to the Board. Hyatt argued that each of his claims should be reviewed independently by the Board "because the claims are separately patentable and because each of the claims is separately argued." The Board concluded, however, that Hyatt had separately argued only twenty-one of his claims because these were the only claims that Hyatt had discussed in the "Summary of the Invention" sections[2] of his briefs to the Board. On this basis, the Board selected these twenty-one claims as representative of the approximately 2,400 claims on appeal. Upon consideration of these representative claims, the Board affirmed the examiner's rejections and thereupon affirmed the rejections of the non-representative claims.

Hyatt challenged the Board's decision in the district court pursuant to 35 U.S.C. § 145. Before the district court, Hyatt argued that the Board should have considered all of his 2,400-plus claims individually. In the alternative, Hyatt argued that the Board had improperly selected the twenty-one claims discussed in the "Summary of the Invention" sections of his briefs as representative of his remaining claims. Conversely, the PTO argued, first, that the Board properly chose the twenty-one representative claims because Hyatt had failed to separately argue any other claims and, second, that all the

---

[2]    In these "Summary of the Invention" sections, Hyatt provided a "representative reading" of a select group of claims on the disclosure in the written description.

claims were properly grouped because each group was rejected under the same statutory provision, e.g., 35 U.S.C. § 112 ¶ 1 (the written description requirement).

The district court found that Hyatt had failed to separately argue all of his claims. However, the court also concluded that the Board had failed to comply with 37 C.F.R. § 1.192(c)(7) (2000) when selecting the representative claims upon which it based its review of the examiner's rejection of groups of claims in Hyatt's applications. In particular, the district court held that "the Board should not have grouped claims that have been rejected for lack of a written description unless those claims share a limitation that has been found to have not been disclosed by the specification." Hyatt v. Dudas, Nos. 04-1138, 04-1139, 04-1802, 05-0310, 2006 WL 2521242, at *9 n.8 (D.D.C. Aug. 30, 2006). Accordingly, the district court remanded the case to the Board with instructions to regroup and reconsider Hyatt's claims according to appropriate representative claims. The PTO appeals the district court's remand order.

## DISCUSSION

### I. Jurisdiction

Before addressing the merits of this appeal, we must first address the threshold issue of our appellate jurisdiction. Int'l Rectifier Corp. v. IXYS Corp., 515 F.3d 1353, 1357 (Fed. Cir. 2008); Hyatt v. Dudas, 492 F.3d 1365, 1368 (Fed. Cir. 2007) ("Hyatt I"); Thompson v. Microsoft Corp., 471 F.3d 1288, 1291 (Fed. Cir. 2006). This court has exclusive jurisdiction over appeals of final decisions in section 145 actions (i.e., actions brought in the D.C. District Court pursuant to 35 U.S.C. § 145). See 28 U.S.C. § 1295(a)(4)(C). The case before us, however, is an appeal of a remand order issued by the district court. Appellate courts generally do not have jurisdiction over a case

"when no final judgment has been rendered, and a remand for further agency proceedings is generally not a final judgment."  Hyatt I, 492 F.3d at 1368 (citing Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed. Cir. 1986)).  Nonetheless, there is an exception to the final judgment rule in the rare situation when denying appellate review of a remand order would likely result in the permanent loss of an agency's ability to appeal the lower court's determination of a legal issue.  See Id. at 1368 (citing Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990)); see also Williams v. Principi, 275 F.3d 1361, 1364 (Fed. Cir. 2002) ("[W]e will depart from the strict rule of finality when . . . [the lower court made] a clear and final decision of a legal issue . . . and there [is] a substantial risk that . . . the remand proceeding may moot the issue."); Travelstead v. Derwinski, 978 F.2d 1244, 1248 (Fed. Cir. 1992) (holding that this court had appellate jurisdiction over a remand to the Department of Veterans Affairs where the lower court's remand order required the agency to act contrary to its interpretation of 38 U.S.C. § 3713).

In this case, should we deny appellate review, there is a substantial risk that the PTO will permanently lose its ability to challenge the district court's interpretation of section 1.192(c)(7).  Cf. Williams, 275 F.3d at 1364.  Indeed, under the district court's interpretation of section 1.192(c)(7), the PTO may be required to issue claims that it would otherwise deny, and "by law the PTO cannot appeal its own decision to not reject claims," Hyatt I, 492 F.3d at 1369.  Accordingly, we have jurisdiction to determine whether the district court's interpretation of section 1.192(c)(7) is correct.

## II.  Standard of Review

An agency's interpretation of its own regulation is entitled to substantial deference, and "the reviewing court should give effect to the agency's interpretation so

long as it is reasonable." Martin v. Occupational Safety & Health Review Comm'n, 499 U.S. 144, 150-51 (1991) (quotation omitted); see also Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945) (An agency's interpretation of its own rule or regulation is entitled to "controlling weight unless it is plainly erroneous or inconsistent with the regulation.").

## III. The Meaning of "Ground of Rejection" in Section 1.192(c)(7)

Section 1.192(c)(7) provides:

Grouping of claims. For each ground of rejection which appellant contests and which applies to a group of two or more claims, the Board shall select a single claim from the group and shall decide the appeal as to the ground of rejection on the basis of that claim alone unless a statement is included that the claims of the group do not stand or fall together and, in the argument under paragraph (c)(8) of this section, appellant explains why the claims of the group are believed to be separately patentable. Merely pointing out differences in what the claims cover is not an argument as to why the claims are separately patentable.

(emphasis added). The PTO argues that a "ground of rejection" is simply the statutory section under which a claim was rejected. As applied here, the PTO argues that the ground of rejection is a failure to satisfy the written description requirement of 35 U.S.C. § 112 ¶ 1. Accordingly, the PTO argues that it can select a claim rejected for failure to satisfy the written description requirement as representative of all claims rejected for failure to satisfy the written description requirement—regardless of whether the limitation in the representative claim that lacks written description support is present in the non-representative claims. Conversely, Hyatt argues that a "ground of rejection" includes both (1) the statutory section under which a claim was rejected and (2) the reason why the claim failed to meet that statutory requirement. Thus, Hyatt contends that the PTO can only select a claim as representative of a group of claims rejected for

failure to satisfy the written description requirement if the representative claim and all claims in the group share a common limitation that lacks written description support.

> In <u>In re McDaniel</u> this court interpreted section 1.192(c)(7) as follows:

> The rule operates to relieve the Board from having to review—and an applicant from having to argue—the myriad of distinctions that might exist among claims, where those distinctions are, in and of themselves, <u>of no patentable consequence to a contested rejection</u>. . . . The rule acts as the default that permits the Board to designate one claim to serve as representative of others in a <u>commonly rejected group</u> and to focus its attention on only those matters that are dispositive of the appeal, unless applicant overcomes the default to assure separate review of individual claims by meeting the two conditions specified in the rule.

293 F.3d 1379, 1383 (Fed. Cir. 2002) (emphases added). Thus, under section 1.192(c)(7), a commonly rejected group of claims—i.e., a group of claims rejected on the same ground—is one in which the differences between the claims is "of no patentable consequence to a contested rejection." <u>McDaniel</u>, 293 F.3d at 1383.

The court's application of section 1.192(c)(7) in <u>McDaniel</u> is illustrative. In particular, the court held that the Board erred in treating four claims as a commonly rejected group even though all four claims were rejected for failure to meet the nonobviousness requirement of 35 U.S.C. § 103. <u>Id.</u> at 1384-85. The court noted that the examiner's rejection of the three non-representative claims in the group cited an additional reference beyond the combination of references cited against the Board's chosen representative claim. <u>Id.</u> at 1384. Accordingly, the court held that the three non-representative claims "did not share a common ground of rejection" with the Board's chosen representative claim and that the Board's selection of the representative claim was thus plainly erroneous and inconsistent with the text of section 1.192(c)(7). <u>Id.</u> In so holding, the court explained that—

> [Section] 1.192(c)(7) does not give the Board carte blanche to ignore the distinctions between separate grounds of rejection and to select the broadest claim rejected on one ground as a representative of a separate group of claims subject to a different ground of rejection. . . . [Section] 1.192(c)(7) does not override an applicant's right under the statute to have each contested ground of rejection by an examiner reviewed and measured against the scope of at least one claim within the group of claims subject to that ground of rejection.

Id. at 1384-85 (citations omitted). Thus, McDaniel establishes that a "ground of rejection" for purposes of Rule 1.192(c)(7) is not merely the statutory requirement for patentability that a claim fails to meet but also the precise reason why the claim fails that requirement.

The PTO's interpretation of section 1.192(c)(7) in this case is strikingly similar to the interpretation that this court rejected in McDaniel. There, the Board considered a group of claims rejected for obviousness under 35 U.S.C. § 103 as a commonly rejected group, despite the fact that the non-representative claims in the group were obvious in view of different prior art references than the Board's chosen representative claim. Here, the PTO seeks to treat a group of claims rejected for lack of written description under 35 U.S.C. § 112 ¶ 1 as a commonly rejected group, regardless of whether the limitations lacking written description support in its chosen representative claim are present in the other claims in the group. Thus, as in McDaniel, the PTO argues that a "ground of rejection" in section 1.192(c)(7) is merely the statutory section under which a group of claims was rejected, rather than the precise reason why the examiner determined that the group of claims failed that statutory requirement. We therefore conclude, as we did in McDaniel, that the PTO's interpretation of section 1.192(c)(7) is plainly erroneous and inconsistent with the text of the regulation.

In addition to being faithful to the text of section 1.192(c)(7), this court's interpretation of "ground of rejection" is consistent with the fact that the PTO "bears the initial burden . . . of presenting a prima facie case of unpatentability." In re Alton, 76 F.3d 1168, 1175 (Fed. Cir. 1996) (alteration in original) (citation omitted). In Alton, we explained that, "[i]nsofar as the written description requirement is concerned, that burden is discharged by presenting evidence or reasons why persons skilled in the art would not recognize in the disclosure a description of the invention defined by the claims." Id. (quotation omitted). Likewise, in Hyatt I we explained that the PTO cannot "reject a complex claim with numerous limitations by summarily declaring that no written description support exists. Rather, [the PTO's Manual of Patent Examining Procedure ("MPEP")] section 2163.04(I) expressly instructs the examiner to specify which claim limitation is lacking adequate support in the written description." 492 F.3d at 1370. Thus, to be consistent with the PTO's prima facie burden in rejecting claims, section 1.192(c)(7) must be interpreted such that, when a claim is rejected under 35 U.S.C. § 112 ¶ 1, the relevant "ground of rejection" is the PTO's identification of a specific limitation that lacks written description support. To interpret section 1.192(c)(7) otherwise would allow the Board to subject claims to a new ground of rejection without following the procedures specified in 37 C.F.R. § 41.50(b).[3] See McDaniel, 293 F.3d at

---

[3]     Under 37 C.F.R. § 41.50(b), when the Board issues a new ground of rejection, an applicant may "[s]ubmit an appropriate amendment of the claims so rejected or new evidence relating to the claims so rejected, or both, and have the matter reconsidered by the examiner, in which event the proceeding will be remanded to the examiner. . . . Should the examiner reject the claims, appellant may again appeal to the Board pursuant to this subpart." See In re Sullivan, 498 F.3d 1345, 1349 n.5 (Fed. Cir. 2007).

1384 (referring to a prior version of 37 C.F.R. § 41.50(b) codified at 37 C.F.R. § 1.196(b) (2003)).

In sum, we hold that a group of claims rejected for lack of written description do not share a common "ground of rejection" under section 1.192(c)(7)—thus, allowing the Board to consider the group on the basis of a single representative claim—unless the claims share a common limitation that lacks written description support. Because the PTO plainly erred in its interpretation of section 1.192(c)(7), the district court was correct to remand Hyatt's appeals to the Board with instructions to regroup and reconsider Hyatt's claims according to appropriate representative claims.

## IV. Applying the Doctrine of Waiver in the context of Section 1.192(c)(7)

The PTO argues that if we reject its interpretation of "ground of rejection" in section 1.192(c)(7), then it will be required on remand to consider grounds of rejection that Hyatt failed to contest in his initial appeals to the Board. We disagree. Under well-established rules of waiver, the Board is not required on remand to consider grounds of rejection that were not contested by Hyatt in his initial appeals to the Board. See 37 C.F.R. § 1.192(a) (2000) ("Any arguments or authorities not included in the brief will be refused consideration by the Board of Patent Appeals and Interferences, unless good cause is shown."). Of course, arguments that become relevant on remand, whether due to implementation of the district court's decision or other actions by the Board or the examiner, cannot be deemed waived if they were not previously required to have been made.

As noted above, section 1.192(c)(7) provides that "[f]or each ground of rejection which appellant contests and which applies to a group of two or more claims, the Board

shall select a single claim from the group and shall decide the appeal as to the ground of rejection on the basis of that claim alone . . . ." 37 C.F.R. § 1.192(c)(7) (emphasis added). When the appellant fails to contest a ground of rejection to the Board, section 1.192(c)(7) imposes no burden on the Board to consider the merits of that ground of rejection on the basis of a representative claim. Rather, the Board may treat any argument with respect to that ground of rejection as waived. In the event of such a waiver, the PTO may affirm the rejection of the group of claims that the examiner rejected on that ground without considering the merits of those rejections.

If the applicant has properly appealed a particular ground of rejection, the applicant may choose to request a more specific subgrouping of the claims rejected on that ground. See 37 C.F.R. § 1.192(c)(7) (requiring "a statement . . . that the claims of the group do not stand or fall together," and an explanation "why the claims of the group are believed to be separately patentable"). An applicant who fails to include such a statement in the opening brief "has waived the right to insist that the Board separately review the patentability of individual claims within each group of rejected claims." McDaniel, 293 F.3d at 1384. In the event that appellant has appealed a particular, properly defined ground of rejection, but has not argued for separate consideration of the grouped claims, the Board on remand may select a single representative claim for the group in accordance with the requirements set forth by the district court.

Thus, the applicant can waive appeal of a ground of rejection, and can waive the right to demand additional subgrouping of claims within a given appealed ground. But the applicant cannot waive the Board's obligation to select and consider at least one representative claim for each properly defined ground of rejection appealed. McDaniel,

293 F.3d at 1385. We express no opinion as to which grounds of rejection Hyatt has in fact appealed, nor as to whether he has argued for more specific review of claims within any of the grounds he has appealed. We simply note that this general rule of waiver is as applicable on remand as it was in the Board's initial review.

## CONCLUSION

For the foregoing reasons, we affirm the district court's interpretation of the term "ground of rejection" in 37 C.F.R. § 1.192(c)(7) (2000). On remand, the Board must consider all grounds of rejection challenged by Hyatt and cannot select one claim to be representative of a group of claims that were rejected on different grounds. However, the Board is free on remand to apply the rule of waiver to any grounds of rejection not contested by Hyatt in his initial appeals to the Board, provided that such grounds do not become relevant on remand due to realignment of the representative claims or other aspects not previously at issue.

<u>AFFIRMED</u>

No costs.