**ABBOTT GMBH & CO. KG, Petitioner–Appellee,**

v.

**YEDA RESEARCH AND DEVELOPMENT CO., LTD., Defendant–Appellant.**

No. 2009–1046.

United States Court of Appeals, Federal Circuit.

May 22, 2009.

Rehearing and Rehearing En Banc Denied Sept. 14, 2009.*

James R. Ferguson, Mayer Brown, LLP, Chicago, IL, Todd R. Walters, Buchanan Ingersoll & Rooney P.C., Alexandria, VA, for Petitioner–Appellee.

Kevin M. Flowers, Matthew C. Nielsen, Marshall, Gerstein & Borun LLP, Chicago, IL, for Defendant–Appellant.

### ORDER

PER CURIAM.

Yeda Research and Development Co., Ltd. appeals the decision of the United States District Court for the District of Columbia in 00–CV–1720, vacating a decision of the United States Patent and Trademark Office, Board of Patent Appeals and Interferences, and remanding to the Board for further proceedings. Because we determine that the district court's decision is not final, we dismiss this appeal for lack of jurisdiction.

---

* Circuit Judge Schall did not participate in the vote.

The Board of Patent Appeals and Interferences declared an interference between a patent currently assigned to Abbott GmbH & Co. KG and a pending application assigned to Yeda. During the interference, the Board determined that Abbott's patent was either anticipated or rendered obvious by a journal article which the parties refer to as the Engelmann reference. The Board held that Yeda was entitled to a patent on the contested subject matter.

Abbott sought to set aside the Board's decision in an action under 35 U.S.C. § 146. On cross-motions for summary judgment, the district court found in favor of Abbott. The court ruled that the Engelmann reference was not prior art to Abbott's patent, and remanded the case for the Board to determine which party was entitled to priority of invention. Yeda appeals the district court's remand decision.

This court has jurisdiction "of an appeal from a decision of ... a district court to which a case was directed pursuant to section 145 or 146 of title 35." 28 U.S.C. § 1295(a)(4)(C). Although section 1295(a)(4)(C) does not expressly premise appellate review on the final judgment rule, we have required finality of the district court's decision in such cases. *See Hyatt v. Dudas,* 551 F.3d 1307, 1310 (Fed. Cir.2008) (noting that the final judgment rule applies in section 145 cases); *see also Copelands' Enterprises, Inc. v. CNV, Inc.,* 887 F.2d 1065, 1067 (Fed.Cir.1989) (en banc) (holding that the final judgment rule applies to 28 U.S.C. § 1295(a)(4)(B)). Since the district court remanded the case for the Board to determine priority, the case is not final; the issue of patentability can be reviewed on appeal from a final judgment resolving all issues. *Cf. Hyatt,* 551 F.3d at 1310–11 (Exception to final judgment rules exists where "there is a substantial risk that the PTO will permanently lose its ability to challenge the district court's" decision.).

Because the remand order is not a final decision in this case, we do not have jurisdiction and must dismiss the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss the appeal is granted.

(2) Abbott's motion to strike portions of Yeda's reply brief is denied as moot.

(3) Each side shall bear its own costs.