> This Opinion is a
> Precedent of the TTAB

Mailed: August 24, 2016

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

Trademark Trial and Appeal Board

_____

*In re Heather Harley and Carolyn Jones*

_____

Serial No. 86409857

_____

Matthew H. Swyers of The Trademark Company,
      for Heather Harley and Carolyn Jones.

Jeffrey J. Look, Trademark Examining Attorney, Law Office 108,
      Andrew Lawrence, Managing Attorney.

_____

Before Cataldo, Adlin and Goodman,
      Administrative Trademark Judges.

Opinion by Goodman, Administrative Trademark Judge:

   Heather Harley and Carolyn Jones ("Applicants") seek registration on the

Principal Register of HEMP HOME HEALTH (in standard characters; HOME

HEALTH disclaimed) as a mark for

   "Home health care services" in International Class 44.[1]

---

[1] Application Serial No. 86409857 was filed on September 30, 2014, based upon Applicants' allegation of a *bona fide* intent to use the mark in commerce under Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b).

## I.    Background

During prosecution, the Trademark Examining Attorney issued the following refusals: deceptiveness under Trademark Act Section 2(a), 15 U.S.C. § 1052(a); and mere descriptiveness, or, alternatively, deceptive misdescriptiveness, under Trademark Act Section 2(e)(1), 15 U.S.C. § 1052(e)(1).[2] The Examining Attorney also required Applicants to amend the identification of services, initially suggesting an amendment to forestall the issuance of deceptiveness and deceptive misdescriptiveness refusals and later making the requirement a condition to withdrawal of the issued refusals. Additionally, the Examining Attorney requested information under Trademark Rule 2.61(b), 37 C.F.R. § 2.61(b) concerning, among other things, the significance of HEMP as applied to the services, whether the services comply with the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801-971, and whether Applicants will be using hemp-based products, extracts, oils or derivatives in connection with their services.[3]

During the course of prosecution, the Examining Attorney twice issued advisories regarding the possible issuance of a refusal based on the ground that use of the proposed mark in connection with the identified services would not be lawful use under Trademark Act Sections 1 and 45, 15 U.S.C. §§ 1051, 1127, if information

---

[2] January 22, 2015 Office Action; September 10, 2015 Office Action.

[3] Applicants partially complied with the information requirement, but did not address all inquiries made by the Examining Attorney.  January 22, 2015 Office Action; September 10, 2015 Office Action and November 21, 2015 Office Action.

provided in response to the information requirement indicated use in violation of the CSA.[4]

In the final Office Action, the Examining Attorney withdrew the Section 2(a) deceptiveness refusal and the requirement to amend the identification of services.[5] The Examining Attorney maintained and made final the Section 2(e)(1) mere descriptiveness and alternative deceptive misdescriptiveness refusals and the Trademark Rule 2.61(b) request for information.

Applicants then appealed to this Board. We affirm the refusals to register.

## II. Arguments

In their appeal brief, Applicants state that they are appealing the refusal to register on the ground that use of the mark would not be lawful, based upon the possibility that hemp may be used in the provision of Applicants' services. Applicants frame the issue on appeal as follows: "Can an Applicant's lawful use of a trademark be denied for use in connection with legal goods because the Applicant also sells substances that may be illegal under the CSA?"[6]  Applicants' brief does not address the merits of the issues that form the basis of the Examining Attorney's final refusals of registration on the grounds of mere descriptiveness, deceptive misdescriptiveness, or Applicants' failure to respond to the Trademark Rule 2.61(b) requests for information. Instead, Applicants argue that the USPTO is not authorized to "extend

---

[4] January 22, 2015 Office Action; September 10, 2015 Office Action.

[5] November 21, 2015 Office Action.

[6] 4 TTABVUE 5.

a ban against the registration of all terms associated with hemp and like products" inasmuch as using "the term HEMP in a service mark does not mean they are violating the CSA nor Sections 1 or 45 of the Trademark Act."[7] Applicants further argue that there is "nothing illegal about the provision of home health care services" under the CSA and "no evidence that Applicant's services are related to hemp…."[8] Lastly, Applicants argue that to the extent the Office is refusing registration under Section 2(a) on the basis that "no trademarks shall be permitted to register that include HEMP or references to other substances that may be illegal under the CSA that merely appear in the trademark," the Federal Circuit in *In re Tam*,[9] has ruled Section 2(a) unconstitutional.[10]

The Examining Attorney points out that Applicants' appeal brief "did not address refusals and requirements that the examining attorney issued on a final basis" and that Applicants' arguments are both irrelevant and hypothetical and relate to "a refusal which was never actually issued."[11] Applicants did not submit a reply brief.

## III. Analysis

Applicants' arguments on appeal suggest that they are attempting to appeal a mere advisory statement made in the Examining Attorney's Office Actions. An

---

[7] 4 TTABVUE 7.

[8] 4 TTABVUE 6.

[9] 117 USPQ2d 1001 (Fed. Cir. 2015). We note that *Tam* specifically limited its holding to the Section 2(a) disparagement provision and did not hold all of Section 2(a) unconstitutional. *Id.* at 1004 n.1. The majority in *Tam* also specifically acknowledged that the Section 2(a) deceptiveness provision for refusing registration is constitutional. *Id.* at 1004.

[10] 4 TTABVUE 8.

[11] 6 TTABVUE 7, 20.

advisory statement made by an examining attorney indicating that a refusal or requirement may issue if specified circumstances arise is not a refusal to register, let alone a *final* refusal to register, and is therefore not subject to appeal. Trademark Rule 2.141(a), 37 C.F.R. § 2.141(a). With respect to ex parte proceedings, the Trademark Trial and Appeal Board has jurisdiction only over a "final decision of the examiner in charge of the registration of marks." Trademark Act Section 20; 15 U.S.C. § 1070. Put simply, the lack of finality, inherent in the word "advisory" dooms review.

The filing of a notice of appeal has the effect of appealing all refusals or requirements made final. *In re Citibank, N.A.*, 225 USPQ 612, 613 (TTAB 1985). Applicants' appeal fails to address or argue the merits of the refusals on the grounds of mere descriptiveness and deceptive misdescriptiveness and the failure to comply with the Trademark Rule 2.61(b) information requirement, which are the only grounds subject to appeal. Applicants' failure to address these refusals is a basis for affirming the Examining Attorney's refusal of registration on all grounds. *See In re DTI Partnership, LLP*, 67 USPQ2d 1699, 1701-02 (TTAB 2003) (refusing registration based on failure to address request for information requirement, finding Section 2(e)(1) refusal moot); *In re The Ridge Tahoe*, 221 USPQ 839, 840 (TTAB 1983) (failure to argue correctness of requirement may result in refusal on that ground alone); *In re Big Daddy's Lounges Inc.*, 200 USPQ 371, 372 (TTAB 1978) (failure to respond or argue correctness of requirements on appeal could result in a decision refusing registration by default); *cf. Hyatt v. Dudas*, 551 F.3d 1307, 89 USPQ2d 1465, 1469 (Fed. Cir. 2008) (an appellant who fails to provide any argument in the appeal brief

directed to rejected claims has waived a challenge to that ground of rejection, and the Board of Patent Appeals has the discretion to simply affirm any rejections against such claims); *In re Cremer, Steinitz and Manheimer,* 173 F.2d 376, 81 USPQ 160, 166 (CCPA 1949) (affirming the Patent Board decision that sustained the rejection of the claim by the examiner, noting that while the notice of appeal properly identified the issue on appeal, that issue was not discussed in the appeal brief, either directly or indirectly, and is assumed to be abandoned).

**Decision**: The refusals to register under Section 2(e)(1) and Trademark Rule 2.61(b) are affirmed.