This Opinion is a
Precedent of the TTAB

Mailed: December 3, 2019

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

Trademark Trial and Appeal Board

_____

*In re Rainier Enterprises, LLC*

_____

Serial No. 87384516

_____

Jerry D. Haynes, Law Office of Jerry D. Haynes PA, for Rainier Enterprises, LLC.

Andrew Crowder-Schaefer, Trademark Examining Attorney, Law Office 104,
    Zachary Cromer, Managing Attorney.

_____

Before Kuhlke, Taylor, and Wolfson,
    Administrative Trademark Judges.

Opinion by Wolfson, Administrative Trademark Judge:

Rainier Enterprises, LLC ("Applicant") seeks registration on the Principal

Register of the mark depicted below for "vodka" in International Class 33.[1]

---

[1] Application Serial No. 87384516 was filed on March 24, 2017, under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), based on Applicant's allegation of first use and first use of the mark in commerce on June 1, 2012. The description of the mark reads: "The mark consists of the words 'MONTE CARLO' in red with six small red and two white diamonds at the top right of 'O' in 'CARLO'; the word[s] 'WORLD'S MOST PRESTIGIOUS VODKA' in black below the words 'MONTE CARLO'; all words outlined in gold." The application also includes the following color claim: "The color(s) red, black, and gold is/are claimed as a feature of the mark."



The phrase "WORLD'S MOST PRESTIGIOUS VODKA" has been disclaimed.

The Trademark Examining Attorney has refused registration under Trademark Rule 2.52(a), 37 C.F.R. § 2.52(a), based on Applicant's failure to comply with a drawing requirement and for its failure to amend the color claim in the application. Specifically, the Examining Attorney required Applicant to provide a substitute drawing of the mark that clearly showed the claimed gold outline around the wording described in the mark description, and to amend the color claim in the application to clarify whether the color white is being claimed as a feature of the mark.[2] *See* TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) §§ 807.04(a), 807.04(d). The Examining Attorney also refused registration of Applicant's mark under Trademark Act Section 2(d), 15 U.S.C. § 1052(d), based on a likelihood of confusion with two registrations for beer, in International Class 32, owned by Cerveceria Centro Americana, S.A.[3]

Applicant presented arguments in response to the Section 2(d) refusal but did not address either requirement in its November 8, 2017 Response to Office Action. After the Trademark Examining Attorney made the refusals final, Applicant appealed to this Board.

---

[2] May 8, 2017 Office Action and December 1, 2017 Final Office Action.

[3] Registration No. 3503417 for the mark **MONTE CARLO** and Registration No. 3503418 for the mark MONTE CARLO in standard characters. Both registrations registered on September 23, 2008 and both have been renewed.

We commence our analysis with Applicant's alleged failures to submit an acceptable drawing of the mark and to amend its color claim, because the failure to comply with a requirement established by the Trademark Rules of Practice (37 C.F.R. Part 2, §2.1 et. seq.) is itself a proper ground for refusal of registration, even if it is the only outstanding refusal or requirement. *See* 15 U.S.C. § 1051(a)(4) ("The applicant shall comply with such rules or regulations as may be prescribed by the Director."); *In re Wells Fargo & Co.*, 231 USPQ 106, 115 (TTAB 1986) ("[I]n all cases every applicant to register must comply with all of the procedural requirements of the Patent and Trademark Office as set forth in statute and rules before the Commissioner is compelled to register.") (quoting *Holiday Inn v. Holiday Inns, Inc.*, 534 F.2d 312, 189 USPQ 630, 635 (CCPA 1976)); *cf. In re Stereotaxis, Inc.*, 429 F.3d 1039, 77 USPQ2d 1087, 1089 (Fed. Cir. 2005) (affirming refusal to register for failure to comply with a disclaimer requirement); *In re AOP LLC*, 107 USPQ2d 1644, 1651 (TTAB 2013) (affirming refusal to register for failure to comply with requirement under Trademark Rule 2.61); *In re DTI P'ship LLP*, 67 USPQ2d 1699, 1701 (TTAB 2003) (affirming refusal to register for failure to comply with requirement under Trademark Rule 2.61).

Procedural requirements, such as the drawing and color claim requirements at issue in this case, ensure "the public's interest in timely and adequate notice of the marks on file at the Office." *In re Who Vision Sys., Inc.*, 57 USPQ2d 1211, 1216 (TTAB 2000) (inconsistency between mark depicted on drawing and mark depicted in specimen resolved for reasons grounded in public policy). Timely and accurate public

notification of the filing of applications is important, including the accuracy of the drawing of the mark. Because the granting of a filing date to an application potentially establishes a date of constructive use of the mark under Section 7(c) of the Act, 15 U.S.C. § 1057(c), a drawing that does not accurately reflect the mark due to poor imaging is potentially unfair to third parties who search Office records, because they do not have accurate information about the application. Relying on the search of Office records, a third party may innocently begin using a mark that conflicts with the mark, but be unaware of the conflict because the drawing is obscure. Trademark Rule 2.52(a), 37 C.F.R. § 2.52(a) ("A drawing depicts the mark sought to be registered."); *see also* Trademark Law Treaty Implementation Act Changes, 64 Fed. Reg. 48,900, 48,902 (Sept. 8, 1999) (amending USPTO rules on material alteration pertaining to amendments to drawings of marks in applications).

For marks that include color, "the drawing must show the mark in color, and the applicant must name the color(s), describe where the color(s) appear on the mark, and submit a claim that the color(s) is a feature of the mark." Trademark Rule 2.52(b)(1), 37 C.F.R. §2.52(b)(1). Where there are white interior areas in a mark in which color is claimed, the applicant "must explain the purpose of the interior white areas on the drawing." Trademark Manual of Examining Procedure (TMEP) § 807.07(d) (October 2018).

The Examining Attorney required Applicant to clarify whether white is being claimed as a color in its mark and to submit a substitute drawing that showed the claimed "gold outline" around the wording in the mark description. As noted earlier,

Applicant did not comply with or otherwise address either requirement in its November 8, 2017 Response to Office Action. Applicant also did not address the requirements in its appeal brief.

We are not required to address refusals or requirements that Applicant does not raise in its appeal brief. In some prior decisions, we have affirmed refusals based on unfulfilled requirements where the applicant did not brief that issue, but we need not do so in every case. *See, e.g., In re Big Daddy's Lounges Inc.*, 200 USPQ 371, 372 (TTAB 1978) (failure to respond or argue correctness of requirements on appeal could result in a decision refusing registration by default); *cf. Hyatt v. Dudas*, 551 F.3d 1307, 89 USPQ2d 1465, 1469 (Fed. Cir. 2008) (an appellant who fails to provide any argument in the appeal brief directed to rejected claims has waived a challenge to that ground of rejection, and the Board of Patent Appeals has the discretion to simply affirm any rejections against such claims); *In re Cremer, Steinitz and Manheimer*, 173 F.2d 376 , 81 USPQ 160, 166 (CCPA 1949) (affirming the Patent Board decision that sustained the rejection of the claim by the examiner, noting that while the notice of appeal properly identified the issue on appeal, that issue was not discussed in the appeal brief, either directly or indirectly, and is assumed to be abandoned). When an applicant fails to address a requirement or refusal in its appeal brief, we also have discretion to treat the failure as the equivalent of not filing a brief on that issue and dismiss the appeal, or to consider any challenge to that requirement or refusal waived and affirm. Either way, the application would stand abandoned.

In this case, because Applicant failed to address the requirements both before the Examining Attorney and in its appeal brief, dismissal of the appeal is appropriate. *Cf.* Trademark Rule 2.142(b)(1) ("If the brief is not filed within the time allowed, the appeal may be dismissed.").

We accordingly dismiss the appeal with respect to the requirements for a substitute drawing and an amended description of the mark, and the application stands abandoned. In view thereof, we need not reach the refusal under Trademark Act Section 2(d), 15 U.S.C. § 1052(d).