NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: OLIVER WENDEL GAMBLE,**
*Appellant*

---

2025-1133

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 16/718,124.

---

Decided: May 8, 2025

---

OLIVER WENDEL GAMBLE, New York, NY, pro se.

MAI-TRANG DUC DANG, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Coke Morgan Stewart. Also represented by MICHAEL S. FORMAN, AMY J. NELSON.

---

Before TARANTO and STOLL, *Circuit Judges*, and SCARSI, *District Judge.*[1]

PER CURIAM.

---

[1] The Honorable Mark C. Scarsi, District Judge, United States District Court for the Central District of California, sitting by designation.

In 2019, Oliver Wendel Gamble filed an application for a patent with the U.S. Patent and Trademark Office (PTO). The application, U.S. Patent Application No. 16/718,124, describes and claims a method and system to annotate emails or text messages on a mobile device. The assigned patent examiner at the PTO rejected all the pending claims of the '124 application for obviousness and some for indefiniteness. The PTO's Patent Trial and Appeal Board (Board) affirmed the obviousness rejections of all but three claims, which the Board held indefinite (along with many other claims), so that all claims were rejected. *Ex parte Gamble*, Appeal No. 2023-003588, 2024 WL 4052837, at *14 (P.T.A.B. Aug. 30, 2024) (*Board Decision*). Mr. Gamble now appeals to us. We affirm.

I

The '124 application, filed on December 17, 2019, titled "Method and System for Notation of Messages Stored on a Mobile Device," describes and claims "[a] messaging system with methods for adding descriptive notes to Emails and Text Messages store[d] on a mobile device." Government Supplemental Appendix (S. Appx.) 62–63. By allowing users to add annotations to their mobile communications, the claimed invention helps users remember important information associated with particular communications. S. Appx. 65. In one embodiment, sent and received messages are stored as records in a table in a database, which can be searched by, *e.g.*, the type of communication or date of creation. S. Appx. 44 fig.1, 65–66. In the embodiment, each record contains "annotation" fields, in which the user can add or edit notes, S. Appx. 65, and when viewing a message, the user can also view the associated annotations, S. Appx. 66. The application contained 18 claims. Claim 1 recites:

> 1. A method for enriching the value of a message stored on a mobile device comprising: software on a mobile device storing individual sent and

received text messages or received email in fields of a record in a table of a database; storing the components of each message into one of multiple fields of said individual record[], and the said record's fields being accessible on the mobile device for searching, editing, and displaying; each stored message and the contents of a designated user editable field of the said record can be viewed by a user of the mobile device.

S. Appx. 35.

During patent examination, the examiner relied on two prior-art references: U.S. Patent Application Publications 2002/0098831 A1 (Castell), S. Appx. 487–507; and 2004/0137955 A1 (Engstrom), S. Appx. 508–19. Castell, titled "Unified Message System and Method," describes a unified message service that "coordinates the activities and notifications to the mobile device" and "unifies all messaging and data services" so that the user sees all messages on the mobile device "in a consistent and harmonious fashion." S. Appx. 487, 499 ¶¶ 20–21. Castell's system includes a "complete database and storage area" containing "messages and events that have been sent to the mobile device." S. Appx. 498–99 ¶ 19. One embodiment contains a mobile device with an operating system, device applications, different types of mobile device storage (*e.g.*, random access memory or flash memory), and a personal information manager application that may store data items on the device. S. Appx. 502–03 ¶¶ 45, 47–48. When a user receives a message, Castell's system sends the user's mobile device a notification, which may contain a summary of the message, and the user can then interact with the message, for example, by playing it or deleting it. S. Appx. 500–01 ¶¶ 26–36.

Engstrom, titled "Unified Message Box for Wireless Mobile Communication Devices," teaches a "unified message box," which can display messages of multiple formats

(*e.g.*, "voice mail notifications, text messages, and/or emails") in one location for a user to interact with via a user interface.  S. Appx. 508, 515 ¶ 25.  In an exemplary embodiment, the user interface comprises a table with fields such as sender, message type, subject, date, and time.  S. Appx. 511 fig.3, 515–16 ¶¶ 27–30.  But Engstrom explains that its system "may not include all of the illustrated fields, may arrange the fields differently, may include additional fields, may provide for different types of interaction with messages, [and] may provide for interaction with messages in different ways."  S. Appx. 516 ¶ 33; *see also* S. Appx. 517–18 ¶ 56 ("Alternative embodiments may support a broad range of other user manipulation of the message objects in the unified message box.").

On September 14, 2022, the examiner issued a non-final office action, rejecting claims 1, 3–6, 11, and 14–17 for indefiniteness under 35 U.S.C. § 112(b) (specifically for insufficient antecedent bases) and claims 1–18 for obviousness under 35 U.S.C. § 103.

Mr. Gamble, pursuant to 35 U.S.C. § 134(a), appealed the rejections to the Board.  In his appeal, Mr. Gamble characterized the rejections under 35 U.S.C. § 112(b) as "minor defects" and "grammatical imperfections" that he believed he could "set aside until at least one claim has been found allowable."  S. Appx. 350–51 (citing Manual of Patent Examining Procedure § 707(b); and relying on 37 C.F.R. § 1.104(b) (holding that "matters of form need not be raised by the examiner until a claim is found allowable")).

On August 30, 2024, the Board issued its final written decision, concluding that all claims were unpatentable. *Board Decision*, at *14.  The Board "summarily sustain[ed]" the examiner's rejection of claims 1, 3–6, 11, and 14–17 for indefiniteness because Mr. Gamble, in not rebutting this ground for rejection, forfeited any challenge to it. *Id.* at *2–3 (citations omitted).  The Board entered a new ground of rejection for claims 2, 3, and 18 for

indefiniteness, as those claims depend on claims 1 and 14 (already determined to be indefinite) and therefore "inherit[ed] the same deficiency." *Id.* at *1, *3 (citing 37 C.F.R. § 41.50(b)). The Board notified Mr. Gamble that its new ground of rejection was not to be considered "final for judicial review" and that "to avoid termination of the appeal as to the [newly] rejected claims," Mr. Gamble would have to "exercise one of the following two options with respect to the new ground of rejection": reopening prosecution or requesting a rehearing. *Id.* at *14–15 (citing 37 C.F.R. § 41.50(b)). With regard to obviousness, the Board affirmed the examiner's rejection of claims 1, 2, and 6–18 and reversed the obviousness rejections of claims 3–5 (which were separately unpatentable for indefiniteness). *Id.* at *14.

Mr. Gamble timely appealed to us. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## II

We review the Board's legal conclusions without deference and its factual findings for support by substantial evidence, which "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Jolley*, 308 F.3d 1317, 1320 (Fed. Cir. 2002) (quoting *Consolidated Edison Co. v. National Labor Relations Board*, 305. U.S. 197, 229 (1938)). Indefiniteness and obviousness are both questions of law based on underlying factual findings. *Cox Communications, Inc. v. Sprint Communication Co.*, 838 F.3d 1224, 1228 (Fed. Cir. 2016) (indefiniteness); *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000) (obviousness). The applicant, Mr. Gamble, has the burden of showing that the Board committed reversible error. *In re Watts*, 354 F.3d 1362, 1369 (Fed. Cir. 2004).

## A

In his opening brief before us, Mr. Gamble challenges the indefiniteness rejections but provides no reasoning or

argument supporting the challenge. *See* Gamble Informal Br. at 2 (Question No. 4). In his reply brief, Mr. Gamble, again making no argument for definiteness on the merits, argues that the Board erred in holding that he forfeited a challenge to the examiner's indefiniteness rejections by not presenting any such challenges in his appeal to the Board. *See* Gamble Reply Br. at 7–14 (citing Manual of Patent Examining Procedure § 707(b)); *see also* S. Appx. 350–51.

The absence of any meaningful argument at all in the opening brief is a forfeiture of the indefiniteness challenge, as an appellant cannot wait until the reply brief to present a meaningful argument. *See In re Killian*, 45 F.4th 1373, 1385–86 (Fed. Cir. 2022) ("conclusory, skeletal argument" insufficient to preserve a point); *McIntosh v. Department of Defense*, 53 F.4th 630, 641 (Fed. Cir. 2022); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319–20 (Fed. Cir. 2006). In any event, we see no error in the Board's rulings on indefiniteness.

Regarding claims 1, 3–6, 11, 14, and 17, which the examiner held indefinite, the Board did not need to say more than it did. "When the appellant fails to contest a ground of rejection to the Board," the Board has "no burden . . . to consider the merits of that ground of rejection" and "may treat any argument with respect to that ground of rejection as waived." *Hyatt v. Dudas*, 551 F.3d 1307, 1314 (Fed. Cir. 2008); *see also In re Google Technology Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020) (holding that failing to present arguments before the Board "compels a finding of forfeiture"). That principle applies here, as Mr. Gamble did not challenge the indefiniteness rejections of those claims before the Board. S. Appx. 350–51; Gamble Reply Br. at 7, 11–12; *see also Board Decision*, at *2–3.

Regarding claims 2, 13, and 18, which the Board held indefinite because they depend on claims 1 and 14 (already held indefinite), we also see no reversible error. The Board's logic, based on the relationship of a dependent

claim to the independent claim on which it depends, is sound. When the Board announced these rejections, it expressly told Mr. Gamble what he needed to do in order to challenge this new ground of rejection. But Mr. Gamble does not identify any record evidence or even assert that he followed any procedures necessary to preserve an appeal of those rejections.

Mr. Gamble provides nothing to undermine the foregoing reasons for affirmance of the Board's indefiniteness rejections. Although he points to *In re Cahill*, No. 2024-1745, 2025 WL 80073, at *1–2 (Fed. Cir. Jan. 13, 2025) (nonprecedential), *see* Gamble Reply Br. at 7, that decision—which held an indefiniteness challenge to be forfeited—does not say or imply anything to the contrary. And although Mr. Gamble cites authority confirming that indefiniteness is not a basis for holding claims unpatentable in an inter partes review, *see* Gamble Reply Br. at 7 (citing McDermott Will & Emery, *PTAB May Not Cancel Indefinite Claims in IPR, No Matter What*, NAT'L L. REV. (Feb. 13, 2020)); *see also Cuozzo Speed Technologies, LLC v. Lee*, 579 U.S. 261, 274–75 (2016), that limitation, based on 35 U.S.C. § 311(b), is inapplicable to, and has no counterpart applicable to, an examiner's review of a patent application or the Board's review of the examiner's decision, 35 U.S.C. §§ 131, 134. In the application context, compliance with section 112(b) is plainly one of the requirements for issuance, which depends on a determination that "the applicant is entitled to a patent under the law." 35 U.S.C. § 131.

B

Mr. Gamble appears to assert that the Board's obviousness determinations for claims 1, 2, and 6–18 are not supported by substantial evidence. Gamble Informal Br. at 1–2 (Question Nos. 2–3). Because Mr. Gamble's opening brief makes only conclusory statements without providing developed argument, these arguments are also forfeited. *McIntosh*, 53 F.4th at 641; *SmithKline*, 439 F.3d at 1319. And

in any event, even if we consider the arguments Mr. Gamble provides in his reply brief, we see no basis for setting aside the Board's decision regarding obviousness.

Mr. Gamble first argues that a relevant artisan would not have been motivated to combine Castell and Engstrom in a way that arrives at the claimed invention, as these two references teach different types of storage and display methods. Gamble Reply Br. at 5–6. According to Mr. Gamble, a relevant artisan would have "no incentive" to combine Engstrom, which teaches retaining a message's "native display and transmission," and Castell, which teaches storing and displaying messages on a mobile device. *Id.* at 6; *see id.* at 4–6. The Board, however, adopted the examiner's finding that a relevant artisan would have been motivated to combine Engstrom's teaching of a unified message box installed on a mobile device with Castell's system "to allow a user to access a variety of communication sessions without needing to navigate through myriad menus and sub-menus." *Board Decision*, at \*5 (citing S. Appx. 227 (examiner's reasoning)); *see id.* at \*7 (agreeing with examiner's obviousness rejection). This factual determination is supported by substantial evidence. Engstrom itself identifies "navigat[ing] in and out, and back and forth among many menus and sub-menus" as one problem that its claimed unified message box addresses. S. Appx. 514 ¶ 6; *see also* S. Appx. 227 (examiner's reasoning based on Engstrom).

Mr. Gamble also argues that neither Castell nor Engstrom nor their combination teaches "annotating messages stored on [a user's] mobile device." Gamble Reply Br. at 1; *see id.* at 6. The specific capability that he claims is not taught by the prior art—and therefore, he argues, precludes a teaching of annotation—is the "editing" of message fields. *See id.* at 1, 5. The examiner found, and the Board agreed, that Castell teaches editing a record. *Board Decision*, at \*5 (citing S. Appx. 383–85 (examiner's reasoning)); *see id.* at \*7 (agreeing with examiner's obviousness

rejection). This factual determination has substantial-evidence support as well. In particular, Castell teaches "deleting an item in the unified event listing or sorting the listing," which supports the Board's finding that Castell teaches editing the fields of a record. *Id.* at *5 (citing S. Appx. 491 figs.4a & 4b). The Board also credited the examiner's finding that because "the ability to edit a contact list or calendar entry" is an "intrinsic feature" of a mobile device, it would have been obvious to a relevant artisan to have editable fields on a mobile device. *Id.* (citing S. Appx. 384).

## III

We have considered Mr. Gamble's other arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decision.

The parties shall bear their own costs.

**AFFIRMED**