CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION; Roadway Construction, Inc.; Mike Campbell & Associates, Inc.; Derby Express, Inc.; Ford Ranches; Hartung Glass; Joy Engineering; Kaiser Transport, Inc.; Kbtt, Inc.; Koukhis Equipment Co; K & G Services, Inc.; Mendocino Coast Produce; Paradise Garden Center, Inc.; Plaza Shell, Inc.; Transportation Resources; Two Rivers Demolition Inc.; Outlaw Trucking/Boot Straps Inc.; Eriberto Anguiano, dba Anguiano's Trucking; Tom Beck, dba T & B; Angus and Crystal Binns, dba A.C. Binns Transportation; Richard M. Brasic, dba B.M.R. Studio Rentals; Bruce Cooper; Kelly Crawford, dba Kelly's Towing; Robert J. Crosby, dba R.J.C. Trucking; Steve L. Dack, dba Dack & Dack Trucking; George Delgado; Dena Elam, dba Elan Trucking; Manuel Flamenco, dba Flamingo Transportation; Wayne Frederick, Jr., dba Trans Labor Services; Larry Freise, dba Larry's Transport; Les Frischman, dba Les Frischman Trucking; Michael Hardic, dba M.H. Delivery Services; Chon Hernandez, dba Hernandez & Sons Trucking; John Jackson, dba John Jackson Trucking; Michael Jeralds, dba Mike Jeralds' Trucking; Dennis W. Knowles, dba D & N Trucking; Eldon Loeser, dba Saenz Enterprises; Rene N. Lucero, dba Lucero Trucking; Malton Mallow, dba Mallow Express Line; Rene Martinez, dba Dart International, William F. McBride, dba Bill McBride Trucking Jay E. McDonald, dba M.K.M. Trucking; Jim McMahon, dba J.I.M. Trucking; Art Mellow, dba J & G Trucking; Jerry Metheany, dba W & P Trucking; Lee Milby, dba Oak Valley Trucking; Ramon Munoz, dba RMT; Allen B. Nash, dba Al Cal Int'l.; Seb Pehlivanian, dba S & R Trucking; Lawrence Thorton Rogers, dba L & S Trucking; Amrik S. Saini, dba A & J Trucking; Francisco Salinas, dba F & F Salinas Trucking; John Sanders, dba John Sanders Transfer Service; Charlie Sherer, dba Sherer Bros.; Sarjinder Singh, dba Ghali Trucking; James Sprayberry, dba First Choice Studio Transportation; Dennis Sutton, dba Sutton Trucking, John Taylor, dba John Taylor Trucking; Les Teeters, dba Les Teeters Trucking; Bruno Vargas; David Vasquez, dba D & D Trucking; Karapet Vishabyan, dba Vishab Trucking; Lynette M. Vinole, dba Vinoles Trucking; Mark Wall, dba Wallmark; Curtis Wheat, dba Kurtis Trucking; Transportation Resources, David Alley, dba Dave Alley

Tree Services; Robert Bailor, II, dba Bailor Trucking; Arthur Brown, dba AB Towing; Peter Damon; Daniel C. Dean, dba Garon–T Towing; Double Eagle Transportation Corporation; Four Way Trucking Inc.; Ricky Lok, dba Ricky's Towing; Mark Lindsey; Jesus Medina, dba J M Towing; Khalid Parvez, dba Parvez & Sons Towing; Robert Polito, dba Polo Trucking; Hiram Ramirez, dba Security Tow; Reliable Carriers, Inc.; Michael Reynolds, dba Reynolds Trucking; Reynolds Nationwide Inc.; Raymond Sadd and Sharon Sadd, dba Sadd Trucking; Ronald Smith, dba Ron Smith Dump Truck Services; Tod Smith, dba Harborside Towing; Rouse Vinson, dba Vinson Trucking; Sherman Weissker, Inc; West Coat Iron Inc, Plaintiffs—Appellants,

v.

CUMMINS ENGINE COMPANY, INC.; Mack Trucks, Inc.; Detroit Diesel Corporation; Caterpillar, Inc.; International Truck and Engine Corporation; Volvo Trucks North America, Inc., Defendants—Appellees.

No. 00–55283.

D.C. No. CV–99–11422–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided Dec. 5, 2001.

Before B. FLETCHER, T.G. NELSON and BERZON, Circuit Judges.

## MEMORANDUM *

■ Appellants, a number of trucking companies, appeal the district court's order granting judgment on the pleadings. Included in their appeal is a challenge to the district court's denial of plaintiffs' motion to remand the case to state court on the ground that the federal court lacked jurisdiction. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a motion to remand *de novo*. We reverse and remand with instructions.

As the parties point out, this circuit has not addressed the issue of "fraudulent" or "egregious" joinder of plaintiffs for the purpose of defeating diversity jurisdiction in the federal courts. Other courts have held that plaintiffs may be fraudulently joined if "there is no *possibility* that [plaintiff] would be able to establish a cause of action against defendant[s] in state court."[1] The Eleventh Circuit has recognized the additional theory of egregious misjoinder, where the claims of non-diverse plaintiffs have no real connection or nexus to the claims of the diverse plaintiffs.[2] For purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs.

■ The trucking companies' complaint in this case lacked complete diversity because one of the plaintiff trucking companies was a citizen of the same state as one of the defendant engine manufacturers. The manufacturers tried to remove the case to federal court by claiming that the court should ignore the citizenship of the non-diverse trucking company because the company was fraudulently joined. The burden is on the manufacturers, as the parties asserting federal jurisdiction, to establish the fraudulent nature of the joinder of the non-diverse plaintiff, Reliable Carriers Inc. (RCI).[3] Because the manufacturers did not meet their burden, we reverse.

We cannot say, on this record, that there is *no* possibility that RCI could state a claim in California state court. The complaint alleged that RCI purchased the diesel engines that are the subject of this suit. Defendants introduced nothing to refute that claim or to establish that RCI had no connection to California. The fact that plaintiff trucking companies have not provided evidence of any connection between RCI and the State of California is not enough to prove that none exists—defendants bear the burden of proving fraudulent joinder. Given California's liberal rules on amendment of pleadings, it is very possible that the state court would

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Foslip Pharmaceuticals, Inc. v. Metabolife Int'l, Inc.*, 92 F.Supp.2d 891, 903 (N.D.Iowa 2000) (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995)) (emphasis added). These courts recognize that fraudulent joinder can also be established by proving outright fraud. There was no claim of outright fraud in this case.

2. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996) (abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072–73 (11th Cir.2000)).

3. *See Kohler v. Inter–Tel Technologies*, 244 F.3d 1167, 1170 n. 3 (9th Cir.2001); *see also Sid Richardson Carbon and Gasoline Co. v. Interenergy Resources Ltd.*, 99 F.3d 746, 751 (5th Cir.1996) (requiring removing party to prove fraudulent joinder).

have granted plaintiffs leave to amend their complaint, allowing them to address the deficiencies the defendant manufacturers assert.[4] Accordingly, the district court erred by denying plaintiffs' motion to remand because defendants failed to meet their burden of proving fraudulent joinder.

■ The engine manufacturers also asserted egregious misjoinder as a basis for finding federal diversity jurisdiction. However, the joinder of RCI was not so improper as to be considered egregious, thereby justifying ignoring RCI's presence in the case.[5] The claims of all plaintiffs, including RCI, involved the purchase of allegedly faulty diesel engines from one of the defendant manufacturers. Therefore, there seems to be some connection or nexus between the claims of the non-diverse plaintiff and the claims of the diverse plaintiffs.

Especially considering that 28 U.S.C. § 1441 is "strictly construed against removal," [6] the state court, not the federal court, should decide whether there is a sufficient nexus between RCI and California to support a state court claim. Defendants failed to meet their burden of proving fraudulent or egregious misjoinder before the district court and that court erred by denying plaintiffs' motion for remand. The district court lacked jurisdiction to hear this case because there was no federal question involved nor complete diversity. Therefore, we remand to the district court with instructions for it to remand the case to the state court.

REVERSED and REMANDED with instructions to remand the case to state court.

---

4. *See* California Code of Civil Procedure, § 473.

5. *See In re Diet Drugs Products Liability Litigation,* No. Civ.A.98–20478, 1999 WL 554584, at *4 (E.D.Pa. July 16, 1999) (holding that court would ignore citizenship of non-diverse plaintiffs because their claims were so unconnected to claims of other plaintiffs that it was egregious misjoinder).

6. *O'Halloran v. University of Washington,* 856 F.2d 1375, 1380 (9th Cir.1988).