**In re TRASYLOL PRODUCTS LIABILITY LITIGATION– MDL–1928.**

**This Document Relates to:**

**Louis Argento, et al. v. Bayer Corp., et al. Case No. 9:10–cv–80482.**

**Case No. 08–01928–CIV**

United States District Court, S.D. Florida.

Dec. 6, 2010.

*ORDER GRANTING PLAINTIFFS'*
*MOTION TO REMAND (DE*
*5705)*

DONALD M. MIDDLEBROOKS,
District Judge.

THIS CAUSE comes before the Court
upon Plaintiffs' Motion to Remand ("Mo-

tion") (DE 5705 in 08–01928 & DE 48 in
10–80482). Defendants ("Defendants" or
"Bayer") filed their Response in Opposi-
tion to Plaintiffs' Motion to Remand ("Op-
position" or "Response") (DE 5869 in 08–
01928; DE 66 in 10–80482).[1] The Court
has reviewed the Motion, the Opposition
and all pertinent material in the file and is
otherwise advised in the premises. For
the reasons stated below, the Motion is
due to be granted in part and denied in
part.

## I. Background

This case was originally filed in the
Twenty–Second Judicial Circuit of the Mis-
souri Circuit Court (City of St. Louis).
Compl. (DE 1–1.) There are 99 Plaintiffs
in this case, only 6 of whom have a connec-
tion to Missouri. *Id.* Four Plaintiffs are
citizens of Pennsylvania (Plaintiffs Argen-
to, Fairman, Hetzel, and Watson), *see*
Compl. ¶¶ 25, 55, 66, 117, and four Plain-
tiffs are citizens of Indiana (Plaintiffs
Huffman, Sykes, Whetsel, and Wilhoite),
*see* Compl. ¶¶ 68, 105, 119, 121. The rest
of the Plaintiffs are citizens of 31 states
across the country, and each was adminis-
tered Trasylol in his or her home state at
an unspecified time. Compl. ¶¶ 1–99.

Under a theory of fraudulent misjoinder,
the Defendants removed this case from
state court to the United States District
Court for the Eastern District of Missouri
pursuant to 28 U.S.C. §§ 1332, 1441, and
1446. (DE 1.) Defendants stated that
Bayer Corporation and Bayer HealthCare
LLC were citizens of Indiana and Pennsyl-
vania, and that Bayer HealthCare Pharma-
ceuticals was a citizen of Delaware and
New Jersey. *Id.* The Notice of Removal
also stated that all requirements of the
removal procedure, the amount in contro-

---

1. This Order will refer to the documents by
their docket entry number in the original case
10–80482.

versy, and diversity of citizenship were satisfied despite the presence of eight non-diverse Plaintiffs. Specifically, the Defendants claimed in the Removal Notice that the Plaintiffs fraudulently joined the eight non-diverse individuals so as to defeat complete diversity.

Plaintiffs filed their motion to remand to state court in the Eastern District of Missouri (DE 18). Plaintiffs also filed a petition for the Writ of Mandamus in the United States Court of Appeal for the Eighth Circuit requesting that the order staying the case, which did not address the jurisdictional arguments raised in the motion to remand, be set aside (DE 36). The Eighth Circuit denied the petition without explanation. (DE 42.) Over Plaintiffs' objections, the Multidistrict Litigation Panel ordered transfer of the case to this Court pursuant to 28 U.S.C. § 1407 on April 5th, 2010 and specified that Plaintiffs could present their motion for remand to state court to the transferee judge. (DE 45.) Plaintiffs accordingly filed the instant Motion to Remand (DE 48).

## II. The Remand Motion

In their Motion, the Plaintiffs argue that because eight Plaintiffs are citizens of Pennsylvania and Indiana, where Defendants Bayer Corporation and Bayer HealthCare LLC are also citizens, diversity of citizenship in this case is lacking. Plaintiffs further assert that to the extent that the doctrine of fraudulent misjoinder is recognized in this Circuit, no such fraudulent misjoinder exists in this case because the claims of the diverse and non-diverse Plaintiffs were properly joined under both Missouri Supreme Court Rule 52.05(a) and Federal Rule of Civil Procedure 20. Plaintiffs further assert that under the "real party in interest" test which the Eight Circuit uses in determining the propriety of joinder, joinder of the eight non-diverse Plaintiffs is proper.

Plaintiffs claim that the doctrine of fraudulent misjoinder is a recent innovation of the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir.2000) which has not been well received and which is frequently distinguished. Plaintiffs assert that, unlike the plaintiffs in *Tapscott*, the claims of each Plaintiff have common questions of law and fact so joinder here was not egregious and does not rise to the level of fraudulent misjoinder recognized by *Tapscott*. In addition to remand back to state court, the Plaintiffs seek attorney's fees, expenses and costs incident to an improper removal.

In response to the Motion, Defendants seek a finding of fraudulent misjoinder, or alternatively, a severance of the non-diverse Plaintiffs with a remand limited to the severed Plaintiffs. As a threshold matter, Defendants contend that the question of joinder is one of federal law, and that the law of the Eleventh Circuit and not of the Eighth Circuit governs this case. Defendants further assert that the Missouri and Eighth Circuit cases that Plaintiffs cite do not support joinder in this matter.

Defendants argue that Plaintiffs' alleged injuries occurred on 99 separate occasions in different hospitals in 31 different states. Thus, the claims in this case do not arise from the same transaction. Therefore, according to the Defendants, under Rule 20 and the controlling precedent of the Eleventh Circuit, joinder here constituted fraudulent misjoinder. Further, fraudulent misjoinder is recognized by the Eleventh Circuit, and serves an important role of preserving litigants' rights similarly to the doctrine of fraudulent joinder of defendants, which finds its roots in the Constitution.

Defendants contend that courts broadly accept the fraudulent misjoinder doctrine and have applied it to similar actions against prescription pharmaceutical manufacturers. Further, Defendants argue that Plaintiffs' fraudulent misjoinder is demonstrably egregious since legitimate reasons for joinder are completely lacking. Finally, Defendants allege that Plaintiffs' counsel combined the claims of 99 Plaintiffs from around the country in this case in an attempt to evade the provisions of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), which gives federal district courts jurisdiction over cases involving 100 or more plaintiffs. Thus, according to the Defendants, joinder in this case was a sham and part of the strategy by the Plaintiffs' counsel to elude federal diversity and CAFA jurisdiction. Defendants ask this Court to deny the Motion to Remand, or to sever and remand to state court only the claims of the eight non-diverse Plaintiffs.

### III. Legal Standard

A defendant can remove any civil case filed in state court if the case could have been originally brought in federal court. 28 U.S.C. § 1441(a). For jurisdiction to exist under § 1332 there must be complete diversity between plaintiffs and defendants and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332(a)(1). Plaintiffs do not raise any issues in relation to the procedural requirements of the removal statute 28 U.S.C. § 1441, and do not dispute that the amount in controversy is satisfied here. Plaintiffs only challenge the existence of complete diversity between the parties.

It is well established that "On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). To satisfy its burden, the Defen-

dants rely on their assertion that the claims of the eight non-diverse Plaintiffs were improperly joined with the claims of the other ninety-one diverse Plaintiffs because they do not arise from a single common transaction.

Removal jurisdiction raises significant federalism concerns and thus removal statutes are strictly construed. *Univ. of South Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). Thus, any doubts regarding the existence of the federal subject matter jurisdiction must be resolved in favor of remand to state court. *Id.; Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir.2008). While a defendant has the statutory right in some situations to take advantage of the federal forum through removal, plaintiff is still the master of his or her claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir.1998). Fraudulent joinder safeguards the defendant's right to remove the case against fraudulent attempts by the plaintiff to defeat diversity jurisdiction. *See id.* The doctrine attempts to strike a balance between allowing the plaintiff the control over the forum and party selection and not rewarding abusive pleadings. 14B CHARLES A. WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2009). When considering claims of fraudulent joinder, the court is required to resolve all disputed questions of fact in favor of the nonremoving party. *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir.2005).

■ Fraudulent joinder is found in three situations: (1) when there is no possibility that plaintiff can prove the claims against the non-diverse defendant; (2) when there is outright fraud in the pleading of jurisdictional facts; and (3) "when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs,* 154 F.3d at 1287. The third type of fraudulent joinder is also referred to as "procedural misjoinder" and "fraudulent misjoinder." 14B WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2009). The Court will use the "fraudulent misjoinder" terminology. The doctrine of fraudulent misjoinder may be invoked not only in cases of improper joinder of defendants but also in cases of improper joinder of plaintiffs. *See In re Prempro Products Liability Litigation,* 591 F.3d 613 (8th Cir. 2010).

## IV. Analysis

The doctrine of fraudulent misjoinder was established by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot,* 204 F.3d 1069 (11th Cir.2000).[2] *Tapscott* involved two separate classes of plaintiffs. The first class was made up of a group of Alabama citizens who had filed claims related to sales of automobile service contracts against a group of defendants all of whom were also citizens of Alabama (the "automobile class"). The second class involved different plaintiffs who, like the plaintiffs in the first class, were all Alabama citizens. The second class defendant, however, was a North Carolina citizen. The claims involved in the second class related not to sales of automobile service contracts, but rather involved sales of retail products (the "merchant class"). No plaintiff in the automobile class had a claim against the defendant in the merchant class, and no merchant class plaintiff had any claim against any of the automobile class defendants. Other than the statutory section under which both claims were brought, the claims of the two plaintiff classes bore absolutely no relationship to one another. The Eleventh Circuit found that there being no "real connection" between the two controversies, that the "misjoinder" was egregious so as to constitute "fraudulent misjoinder." *Tapscott v. MS Dealer Svc. Corp.,* 77 F.3d 1353 (11th Cir.1996).

■ Thus, federal courts may, at times where appropriate, disregard citizenship of resident parties and sever and remand their claims when the factual nexus between these claims and claims of the diverse parties is so lacking as to render joinder under Federal Rule of Civil Procedure 20 nothing but an attempt to avoid federal jurisdiction. *See id.*

Recently in *In re Prempro Products Liability Litigation,* an MDL case similar to the instant action, the Eighth Circuit held that common questions of law and fact existed between the diverse and non-diverse plaintiffs' claims against the defendant drug manufacturer existed under Rule 20. 591 F.3d 613 (8th Cir.2010) and declined to make a finding of fraudulent misjoinder. In *Prempro,* plaintiffs from numerous states filed suits in the Minnesota state courts against various drug manufacturers. The various plaintiffs alleged

**2.** Existence of the doctrine of fraudulent misjoinder has been acknowledged by several other Circuits. *See In re Prempro Products Liability Litigation,* 591 F.3d 613 (8th Cir. 2010); *In re Benjamin Moore & Co.,* 318 F.3d 626, 630–31 (5th Cir.2002); *California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.,* 24 Fed.Appx. 727, 729 (9th Cir.2001).

that hormone replacement therapy (HRT) drugs caused breast cancer. *Id.* As in this case, despite a lack of complete diversity, the defendants removed the cases to the federal district court premising removal jurisdiction on fraudulent misjoinder. The *Prempro* defendants made the same argument Defendants do here. Specifically, they asserted that as the plaintiffs' claims did not arise from the same transaction, such claims were improperly joined so as to defeat diversity jurisdiction. *Id.*

Although the *Prempro* plaintiffs filed motions to remand due to lack of diversity jurisdiction, the MDL Panel transferred the cases to the Eastern District of Arkansas for consolidated MDL proceedings before the Minnesota state court could address the remand motions. *Id.* After transfer, the MDL court granted the motions to remand for the non-diverse plaintiffs, but severed and denied remand as to the claims of the remaining diverse plaintiffs. In doing so, the MDL court concluded that the non-diverse plaintiffs had been improperly joined under Rule 20. *Id.* at 619.

Upon review, the Eighth Circuit reversed the MDL severance and partial remand order, and ordered the MDL court to remand all cases to the Minnesota state court for lack of diversity jurisdiction. *Id.* at 624. The Eight Circuit declined to either adopt or reject the doctrine of fraudulent misjoinder, but acknowledged the doctrine's existence and ruled that even if it were to adopt the doctrine, it would not find that the alleged misjoinder was so egregious as to constitute fraudulent mis-

joinder. *Id.* at 621. The Eighth Circuit distinguished *Tapscott* and held that defendants failed to carry their burden of establishing jurisdiction since there was a common question of whether the drugs in question caused breast cancer and because there was no evidence of bad faith on the part of the plaintiffs. *Id.* at 623. Even though different plaintiffs took drugs manufactured by different defendants, the Eighth Circuit found that plaintiffs' claims were logically connected as relating to similar drugs and injuries and the manufacturers' knowledge of the risks of their products. *Id.* The Eighth Circuit clarified that it need not and did not find that joinder was proper under Rule 20, it only held that there was no egregious misjoinder. *Id.*

Since this case was initially filed in Missouri state court, Plaintiffs argue that joinder was proper under Missouri joinder rule 52.05.[3] Rule 52.05 was derived from the Federal Rule of Civil Procedure 20, and that interpretation of Rule 52.05 follows the lead of the Eighth Circuit in interpreting Rule 20 and the broad policy favoring permissive joinder. *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 826–27 (Mo.1979).

In support of their position, Defendants mistakenly rely on *Ballard v. Wyeth. Ballard,* however, both predates *Prempro* and is factually distinguishable. I note that it was decided by the same Missouri state court where this action was initially filed. *Ballard v. Wyeth,* No. 042–07388A (Mo. Cir.Ct. 22nd Jud. Cir. Aug. 24, 2005).

---

**3.** Rule 52.05 states in pertinent part:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.... A plaintiff

or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Mo. S.Ct.R. 52.05.

Like the plaintiffs in *Prempro*, the plaintiffs claims in *Ballard* were brought against HRT drug manufacturers. The *Ballard* plaintiffs came from thirty-two different states. However, in *Ballard*, each plaintiff took different combinations of twelve separate drugs produced by twenty-six different manufacturers. They took the drugs for differing periods of time, and ultimately sued thirty-four different defendants. *Id.* The *Ballard* court held that joinder was improper under Rule 52.05 and severed the claims. *Id.* at 6.

■ Plaintiffs argue that joinder here is proper under both Eighth and Eleventh Circuit law as well as under Missouri law. Defendants maintain that joinder is egregiously improper under all three sets of precedent, but posit that the law of the Eleventh Circuit governs. Since the Missouri joinder rule mirrors the Eighth Circuit's interpretation of Rule 20, the only question is whether the Eighth or the Eleventh Circuit's precedent controls. However, it is unnecessary to resolve this issue since I find that in this case the result would be the same under both Eighth and Eleventh Circuit law regardless of whether joinder is proper or improper.[4] Mindful that the Defendants at all times bear the burden of establishing the existence of removal jurisdiction, I find that they have failed to carry their burden.

In the instant case, Plaintiffs resided and received Trasylol in different states. However, there is only one drug in question here. These facts do not present the level of egregiousness that was present in *Tapscott*, the holding of which pertained to misjoinder of the defendants. Claims there were completely disconnected. The only commonality was the fact that the same statutes were violated. Here, on the other hand, all Plaintiffs took the drug manufactured by the Defendants and allegedly suffered harm. Further, the reasoning the Eighth Circuit employed in *In re Prempro* is persuasive. Unlike the plaintiffs in *Prempro*, all Plaintiffs here were administered the same drug, making commonality even more prominent in this case. Further, unlike the plaintiffs in *Ballard*, there are not multiple defendant manufacturers and uncertainty as to which manufacturer provided the medication ingested by the plaintiffs. Thus, a factual nexus between the claims exists. The Complaint outlines the following common questions of fact between all of the Plaintiffs:

   a. Whether the risks of being administered Trasylol outweigh the benefits;

   b. Whether Trasylol was and is toxic and unsafe;

   c. Whether persons who were administered Trasylol developed serious injuries, including, but not limited to kidney failure and/or multi-system organ failure;

   d. Whether, in marketing and selling Trasylol, Defendants negligently, recklessly or intentionally failed to disclose the dangers and risks to the health of persons administered Trasylol;

---

4. I will note, however, that based on my experience in dealing with these cases, joinder of multiple plaintiff claims appears to be if not technically improper at least imprudent—diverse or non-diverse. The claims of each plaintiff are highly individualized dependent on the medical condition of a plaintiff, the amount of Trasylol received, the damages they experienced and the long term costs of such damages. It appears clear to me that it would be impractical to attempt to try multiple claims in one case. These cases present serious statute of limitations issues as well as highly individualized causation questions. The medical testimony, for the most part, is plaintiff specific. However, the sole question before me at present is whether or not the defendant satisfactorily established removal jurisdiction. The state court, upon remand, is fully competent to determine the joinder issue should the Defendants care to raise it.

e. Whether Defendants failed to warn adequately of the adverse effects of Trasylol administration;

f. Whether Defendants falsely and fraudulently misrepresented in their advertisements, promotional materials and other materials, among other things, the safety, potential side effects and convenience of Trasylol;

g. Whether the Defendants designed and manufactured drugs that were dangerously defective because their use leads to serious adverse health effects;

h. Whether Defendants knew or should have known that the administration of Trasylol leads to serious adverse health effects;

i. Whether the Defendants adequately tested Trasylol prior to distribution and sales in the market place;

j. Whether Defendants continued to manufacture, market, distribute, and sell Trasylol notwithstanding their knowledge of the dangerous nature of the drug;

k. Whether the warnings and information Defendants provided with Trasylol were adequate in warning of the potential hazards resulting from its use, and whether said warnings, even if facially accurate, were diluted or negated by the misrepresentations and concealment of material facts by the Defendants;

l. Whether Defendants knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of Trasylol from government regulators, the medical community and/or the consuming public; and

m. Whether the Defendants are liable for punitive damages.

Compl. at 30–31 (DE 1–1.)

Being bound to resolve all disputed questions of fact in favor of the Plaintiffs and all doubts regarding the existence of the subject matter jurisdiction in favor of remand, 1 find that joinder of the non-diverse Plaintiffs did not constitute fraudulent misjoinder. Therefore, complete diversity is lacking in this case and it is hereby remanded to the state court where the action was initially filed.

## V. Attorney's fees, expenses and costs

Plaintiffs ask this Court to award attorney's fees, expenses and costs without making any arguments or citing to any authority. Defendants do not address this request. An award of fees, expenses and costs is not appropriate in this case.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award under § 1447(c) is in the discretion of the district court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The standard turns on the reasonableness of the removal, and when an objectively reasonable basis for seeking removal existed, fees should be denied. *Id.* at 141, 126 S.Ct. 704.

■ I find that removal was not without an objectively reasonable basis. Existence of the MDL proceeding and existing case law made it at least arguably rational for the Defendants to remove the case based on the theory of fraudulent misjoinder, which has some support in the law. Thus, the request to award the fees, expenses and costs is denied.

## VI. Conclusion

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand ("Motion") (DE 5705 in 08–01928; DE 48 in 10–80482) is **GRANTED in part and DENIED in part**. This case is remanded to the Twenty–Second Judicial Circuit of the Missouri Circuit Court (City

of St. Louis). Plaintiffs' request for an award of fees and costs is denied.