CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE
THIS CAUSE came before the Court on Plaintiff, Point Conversion, LLC's Motion to Remand [ECF No. 7], filed April 20, 2018. Defendant, Tropical Paradise Resorts, LLC, filed an Opposition [ECF No. 17], to which Plaintiff filed a Reply [ECF No. 19]. The Court has carefully considered the Complaint (see [ECF No. 1-1] 3-11[1] ), the parties' written submissions, the record, and applicable law.
*1353 I. BACKGROUND
Plaintiff develops and sells software and mobile applications relating to the conversion of rewards points between separate business entities. (See Compl. ¶ 2). In September 2017, Plaintiff received exclusive rights to use in its software 31 patents owned by a company known as JBSHBM, LLC, and issued by the United States Patent Office. (See id. ¶ 4). The patents pertain to the conversion of points across separate businesses or "channels." (Id. ¶ 5). JBSHBM is not a named party in this action.
Defendant gives customers reward points to incentivize them to stay at its hotel. (See id. ¶ 6). These points can be used "across program boundaries with other programs." (Id. ). Defendant also receives from its customers points that were converted across program boundaries from other reward programs. (See id. ¶ 7). Plaintiff asserts Defendant has accepted, received, and encouraged the use of customer points across program boundaries by using software other than Plaintiff's. (See id. ¶¶ 6-12). In so doing, Defendant has encouraged its customers to use "unauthorized software to convert points across program boundaries in violation of Plaintiff's exclusive rights." (Id. ¶¶ 10, 12).
Plaintiff asserts claims against Defendant for unjust enrichment (Count I) (see id. ¶¶ 14-20); temporary and permanent injunctive relief[2] (Count II) (see id. ¶¶ 21-27); conversion (Count III) (see id. ¶¶ 28-31); and civil theft (Count IV) (see id. ¶¶ 32-39), all stemming from Defendant's purportedly unauthorized use of Plaintiff's software in violation of Plaintiff's exclusive right to use JBSHBM's 31 patents (see generally id. ).
On March 22, 2018, Plaintiff filed this action against Defendant in the Seventeenth Judicial Circuit in and for Broward County, Florida. (See generally id. ). On April 12, 2018, Defendant removed the action, asserting federal jurisdiction under 35 U.S.C. section 271 and 28 U.S.C. sections 1331 and 1338. (See Notice of Removal [ECF No. 1] ¶ 7). Defendant asserts the Court has subject matter jurisdiction because Plaintiff's claims "arise under an Act of Congress relating to patents." (Id. (citation omitted) ). Plaintiff now brings the Motion, contending the action properly belongs in state court. (See Mot. 14). Plaintiff also seeks attorneys' fees and costs from Defendant, asserting Defendant's removal was objectively unreasonable. (See id. ).
II. LEGAL STANDARD
Under 28 U.S.C. section 1447(c), a federal court must remand an action that has been removed from state court if it appears the removal was improper. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co. , 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (alteration added; citation omitted). Due to federalism concerns, federal courts strictly construe the requirements of removal jurisdiction and remand all cases in which jurisdiction is doubtful. See Allen v. Christenberry , 327 F.3d 1290, 1293 (11th Cir. 2003) ; see also Univ. of S. Ala. v. Am. Tobacco Co. , 168 F.3d 405, 411 (11th Cir. 1999). When the parties disagree on the existence of jurisdiction, "uncertainties are resolved in favor of remand."
*1354 Burns v. Windsor Ins. Co. , 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).
"The existence of federal jurisdiction is tested at the time of removal." Adventure Outdoors, Inc. v. Bloomberg , 552 F.3d 1290, 1294-95 (11th Cir. 2008). The Court thus focuses on jurisdictional facts as they existed when Defendant filed its Notice of Removal. See Burns , 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal." (emphasis and citations omitted) ).
III. ANALYSIS
In its Notice of Removal, Defendant states Plaintiff's Complaint shows subject matter jurisdiction exists under 28 U.S.C. section 1338, which grants federal district courts jurisdiction over civil actions "aris[ing] under an Act of Congress relating to patents." (Notice of Removal ¶ 9 (alteration added) ). Section 1338"must be interpreted in tandem with the statute that grants federal question jurisdiction [ 28 U.S.C. section 1331 ] because both statutes use the term 'arising under.' " MDS (Canada), Inc. v. Rad Source Techs., Inc. , 720 F.3d 833, 841 (11th Cir. 2013) (alteration added; citation omitted). Plaintiff disagrees, insisting: (1) its state-law claims do not arise under federal patent law merely because patent issues are necessary to their resolution; and (2) the state-law claims are not completely preempted by federal patent law so as to warrant removal. (See generally Mot.).
To establish subject matter jurisdiction under 28 U.S.C. section 1338, a defendant must establish either (1) "federal patent law creates the cause of action;" or (2) "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp. , 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (citations omitted). The Court considers each jurisdictional prerequisite in turn.
A. Whether Federal Patent Law Creates Plaintiff's State-Law Claims
In its briefing, Defendant appears to rely exclusively on Christianson 's second prong as its basis for removal. (See Notice of Removal ¶ 15; see generally Opp'n). "Because a determination of patent infringement is a necessary element of all causes of action in the State Court Action, they arise under the patent laws and this Court has jurisdiction...." (Notice of Removal ¶ 15 (alteration added) ). Nevertheless, the Court addresses Christianson 's first prong since Defendant cites 35 U.S.C. section 271 as one of its bases for removal. (See id. ¶ 7).
Section 271 governs substantive claims brought under federal patent law - it does not transform Plaintiff's state law claims so as to "create federal patent law" under Christianson 's first prong. See, e.g. , ClearPlay, Inc. v. Abecassis , 602 F.3d 1364, 1367 (Fed. Cir. 2010) (holding "[t]he first part of the Christianson test is plainly not satisfied" where plaintiff's operative complaint is "entirely devoted to state law causes of action." (alteration added) ).
Plaintiff makes the unremarkable observation its well-pleaded Complaint "does not assert any claim arising under federal patent law[.]" (Mot. 9 (alteration added) ). Certainly, Plaintiff's claims do not involve a federal question, as no claim is brought under federal law. (See Compl. ¶¶ 14-39). Plaintiff brings claims under Florida state law, and those claims "find[ ] [their] origins in state rather than federal law." Gunn v. Minton , 568 U.S. 251, 258, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (alterations added). As such, Defendant correctly recognizes it cannot remove Plaintiff's *1355 Complaint under Christianson 's first prong.[3]
B. Whether Plaintiff's Right to Relief Necessarily Depends on Resolution of a Substantial Question of Federal Patent Law
Under Christianson 's second jurisdictional prerequisite, "federal jurisdiction over a state law claim [exists] if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn , 568 U.S. at 258, 133 S.Ct. 1059 (alteration added); see also Christianson , 486 U.S. at 808, 108 S.Ct. 2166. Defendant argues Plaintiff's Complaint satisfies this test because "[a]ll causes of action in the State Court Action Complaint ... depend on patent law as a necessary element of all of their claims." (Notice of Removal ¶ 12 (alterations added) ). Plaintiff argues its state-law claims do not satisfy Christianson 's second prong "simply because an underlying patent matter exists that needs to be resolved in the course of determining the state law claim." (Mot. 7). Specifically, Plaintiff contends MDS (Canada), Inc. , 720 F.3d 833, forecloses Defendant's attempt to remove Plaintiff's state-law claims as any patent issues necessary to resolve the state-law claims are not substantial. (See Mot. 6-7).
(i) Whether a federal issue is necessarily raised and actually disputed
Plaintiff's Complaint necessarily raises a federal issue. Plaintiff alleges Defendant has encouraged its customers to use software to convert points across program boundaries in violation of Plaintiff's exclusive right to use JBSHBM's patents. (See Compl. ¶¶ 10, 12). Before Plaintiff can obtain relief on any of its claims, a court will necessarily have to determine whether the licensed patents from JBSHBM are valid. If a court concludes Defendant did not infringe Plaintiff's licensed patents, Defendant cannot have deprived Plaintiff of any intellectual property right Plaintiff asserts, thereby defeating all of Plaintiff's claims. As the Court is limited to reviewing only those facts appearing at the time of Defendant's Notice of Removal, see Adventure Outdoors, Inc. , 552 F.3d at 1294-95, the Court will assume, without deciding, that the parties actually dispute the necessary patent law issues.
(ii) Whether a federal issue is substantial and capable of resolution in federal court without disrupting the federal-state balance
Courts use three factors to determine whether a federal issue stemming from state-law claims is substantial so as to give rise to federal subject matter jurisdiction.
First, a pure question of law is more likely to be a substantial federal question.... Second, a question that will control many other cases is more likely to be a substantial federal question.... Third, a question that the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question.
MDS (Canada) Inc. , 720 F.3d at 842 (alterations added; internal citations omitted). In MDS (Canada) Inc. , a licensee and proposed assignee of patents for devices to irradiate blood brought state-law claims against the licensors, seeking injunctive relief, alleging breach of the licensing agreement, and seeking declaratory relief that the devices encompassed the *1356 patents. See id. at 840. Applying Christianson 's second prong, the Eleventh Circuit first held the breach of contract claim necessarily raised a federal issue that was actually disputed because the plaintifflicensee was required to prove the device the defendant was developing and promoting infringed the licensed patents. See id. at 841-42.
The court next held the patent infringement issue was not substantial, concluding the district court lacked subject matter jurisdiction under section 1338. See id. at 842. The Eleventh Circuit reasoned the question of patent infringement was "heavily fact-bound and situation specific," requiring "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law." Id. (internal quotation marks and citations omitted). The MDS (Canada) Inc. court also reasoned the case was not likely to control future cases because "the highly specialized nature of patent claims and the niche market for the [devices] suggest[ed] that the resolution of th[e] issue [was] unlikely to impact any future constructions of claims." Id. (alterations added). Given the fact-specific nature of the patent issue, the government's interest was minimal. See id.
Applying these factors, the Court finds the issue of patent infringement here is not substantial. Just like the plaintiff's claims in MDS (Canada) Inc. , Plaintiff's state-law claims arise under a licensing agreement granting exclusive rights to purportedly patented technology. (See Compl. ¶ 4). Plaintiff seeks to establish that JBSHBM's patents are valid and JBSHBM conveyed exclusive rights to the patents through its licensing agreement. (See id. ¶¶ 4-5). This analysis is fact-specific and will not result in resolving a general question of patent law likely to affect future cases.
The claimed patented technology here is highly specialized - JBSHBM's patents construct the technology to convert points across program boundaries. (See id. ¶¶ 4-8). Because of the fact-specific nature of the patent inquiry, the government does not have a strong interest in litigating the issue in federal court. The patent infringement issue thus does not present a substantial question of federal law. See, e.g. , Airwatch LLC v. Good Tech. Corp, Inc. , No. 1:13-cv-2870-WSD, 2014 WL 1651964, at *5 (N.D. Ga. Apr. 24, 2014) (holding "[t]he fact-specific nature of the infringement issue, the small likelihood that resolution of it would impact future cases, and the weak interest of the government in federal adjudication of these state law claims support that the federal law question is not substantial[ ]" (alterations added; citations omitted) ).[4]
Defendant makes several arguments in an effort to distinguish MDS (Canada) Inc. and avoid remand. (See Opp'n 11-13). According to Defendant, MDS (Canada) Inc. did not present the possibility of remand to a state court, unlike here where Plaintiff is seeking remand. (See id. 11-12). The procedural posture of the case was not relevant to the Eleventh Circuit's jurisdictional analysis and holding. The Eleventh Circuit found no subject matter jurisdiction existed under 28 U.S.C. section 1338, a threshold question before determining it had jurisdiction over the appeal based on other grounds. See MDS (Canada) Inc. , 720 F.3d at 843. Here, too, the question is whether the Court has jurisdiction under 28 U.S.C. section 1338.
Defendant also argues MDS (Canada) Inc. does not control because MDS (Canada) Inc. involved a contract dispute between a licensor and licensee over their licensee agreement, rather than a tort dispute between an exclusive licensee and a third party seeking to recover for infringement of its licensed patents. (Opp'n 13). That argument misses the point. In MDS (Canada), Inc. , 720 F.3d at 841-42, the issue of patent infringement was necessary but not substantial to resolve the state-law claims. The issue of patent infringement here is likewise necessary but not substantial to resolve Plaintiff's state-law claims. The contractual nature of the plaintiff's state-law claims in MDS (Canada) Inc. was not the basis upon which the court reached the conclusion no subject matter jurisdiction *1357 existed under 28 U.S.C. section 1338.
Defendant also points out that Gunn applied to state legal malpractice claims. (See Opp'n 12 (citing Gunn , 568 U.S. at 251, 133 S.Ct. 1059 ) ). Yet the Eleventh Circuit adopted the Supreme Court's substantiality framework in Gunn and concluded federal patent law was not substantial for non-malpractice state-law claims as well. See MDS (Canada) Inc. , 720 F.3d at 842.
Defendant also argues Federal Circuit precedent, and not Eleventh Circuit precedent, governs whether federal patent law preempts state law. (See Opp'n 12-13). The Eleventh Circuit did not analyze issues of preemption in MDS (Canada) Inc. - the court held it "did not have jurisdiction in whole or in part based on section 1338," 720 F.3d at 843, the same question presently before the Court. MDS (Canada) Inc. is thus binding.
Defendant also relies on case law predating the Supreme Court's decision in Gunn that established the modern framework for the substantiality inquiry under Christianson 's second prong, to argue the Court has subject matter jurisdiction over Plaintiff's state-law claims because patent issues will necessarily have to be resolved in addressing the claims. See, e.g. , Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P. , 504 F.3d 1262, 1273 (Fed. Cir. 2007). Defendant does not meet its burden to show the issue of patent infringement is substantial to the federal system as a whole as described in Gunn and its progeny.
(iii) Whether patent law completely preempts Plaintiff's state law claims
Defendant also argues the Court has subject matter jurisdiction under Christianson 's second jurisdictional prerequisite because Plaintiff's state-law claims are preempted by federal patent law. (See Notice of Removal ¶¶ 10, 13, 15). "[T]here is a tremendously important distinction between complete (otherwise known as 'super' or 'field') preemption, on the one hand, and ordinary (otherwise known as 'defensive' or 'conflict') preemption, on the other." Mannsfeld v. Evonik Degussa Corp. , No. 10-553-WS-M, 2011 WL 53098, at *8 (S.D. Ala. Jan. 5, 2011) (alteration added). "[C]omplete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction, while ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court." Smith v. GTE Corp. , 236 F.3d 1292, 1313 (11th Cir. 2001) (alteration added; citation omitted).
To be clear, Defendant does not claim complete or field preemption. (See generally Notice of Removal; Opp'n.). Rather, Defendant *1358 argues "[c]onflict preemption applies here." (Opp'n 7 (alteration added; footnote call number omitted) ). Plaintiff contends "the defense of ordinary preemption ... has been held to be insufficient to confer federal jurisdiction." (Mot. 8 (alteration added) ). Plaintiff is correct.
Unlike field preemption, which can serve as a basis for removal, conflict preemption is an anticipated defense that may be used to defeat a plaintiff's state-law claims. Consequently, "[b]ecause conflict preemption is merely a defense, it is not a basis for removal." Conn. State Dental Ass'n v. Anthem Health Plans, Inc. , 591 F.3d 1337, 1344 (11th Cir. 2009) (alteration added; citations omitted).
The cases on which Defendant relies in support of its preemption argument are not relevant to whether the Court has subject matter jurisdiction. (See Notice of Removal ¶¶ 10, 13, 15; see also Opp'n 5-10). For example, Defendant relies on Ultra-Precision Manufacturing Limited v. Ford Motor Co. , for the proposition federal patent law preempts Plaintiff's unjust enrichment claim. (See Notice of Removal ¶ 13 (citing 411 F.3d 1369, 1377 (Fed. Cir. 2005) ) ). Ultra-Precision Manufacturing concerned conflict preemption as a defense, not field preemption. See 411 F.3d at 1377 ("Because federal patent law does not provide explicit preemption ... and because Congress does not intend to occupy exclusively the field of unjust enrichment law ... we are concerned in this case with only conflict preemption." (alterations added; citations omitted) ).
Again, conflict preemption does not give rise to subject matter jurisdiction. See, e.g. , Thompson v. Microsoft Corp. , 471 F.3d 1288, 1292 (Fed. Cir. 2006) (holding defendant's patent law preemption defense to plaintiff's unjust enrichment claim does not establish subject matter jurisdiction under section 1338 because a case "raising a federal patent-law defense does not, for that reason alone, arise under patent law" (internal quotation marks, footnote call number and citation omitted) ); Mannsfeld , 2011 WL 53098, at *9 ("[W]hile defendants' objections to plaintiff's claims as seeking 'patent-like protection' may (or may not) be meritorious affirmative defenses on a 'conflict preemption' theory, they do not automatically transform plaintiff's nonfederal causes of action into federal claims on a 'field preemption' theory that would support removal jurisdiction." (alteration added) ).[5]
Based on the relevant jurisdictional facts at the time of Defendant's Notice of Removal, Defendant fails to show subject matter jurisdiction under 28 U.S.C. section 1338.
C. Attorneys' Fees and Costs
When a case is remanded due to improper removal, the court may award the plaintiff attorneys' fees and costs. See 28 U.S.C. § 1447(c). The Supreme Court has established a standard to guide district courts in deciding whether to award attorneys' fees and costs upon remand. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, *1359 when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp. , 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (alteration added). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id.
The Eleventh Circuit has noted the reasonableness standard enunciated by the Supreme Court was meant to balance " 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.' " Bauknight v. Monroe Cty. , 446 F.3d 1327, 1329 (11th Cir. 2006) (footnote call number omitted) (quoting Martin , 546 U.S. at 140, 126 S.Ct. 704 ). Thus, "there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails." Kennedy v. Health Options, Inc. , 329 F.Supp.2d 1314, 1319 (S.D. Fla. 2004) (citation omitted).
Plaintiff contends Defendant's removal was unreasonable "given the Defendant's blatant disregard for The Federal Rules of Civil Procedure and decades of case law that refute their [sic] position." (Reply 7). The Court disagrees. While ultimately unsuccessful, Defendant's removal was far from unreasonable. Given the involved nature of the substantiality inquiry under Christianson 's second prong and the inherent issues of federal patent law involved, assessing fees on Defendant would unnecessarily deter future reasonable defendants from seeking removal. See, e.g. , Bracciale v. Valdez , No. 8:17-cv-2040-T-36AEP, 2017 WL 4117806, at *9 (M.D. Fla. Sept. 18, 2017) (holding that where the removing party has "offered a credible reason for removal, even if it later becomes clear that the removing party was wrong on the facts or the law," a request for attorneys' fees should be denied). As Defendant's removal was "at least arguably rational," Plaintiff's request for costs and attorneys' fees is denied. In re Trasylol Prods. Liab. Litig. , 754 F.Supp.2d 1331, 1338 (S.D. Fla. 2010).
IV. CONCLUSION
For the foregoing reasons, it is hereby
ORDERED AND ADJUDGED that Plaintiff's Motion to Remand [ECF No. 7] is GRANTED . The case is REMANDED to the Seventeenth Judicial Circuit in and for Broward County, Florida, with the parties bearing their respective fees and costs. The Clerk of Court is directed to CLOSE this case.
DONE AND ORDERED in Miami, Florida, this 13th day of June, 2018.

The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

To be clear, Count II contains no cause of action, but rather a prayer for relief; "there is no such thing as a suit for a traditional injunction in the abstract." Fox v. Loews Corp. , 309 F.Supp.3d 1241, 1253 (S.D. Fla. 2018) (internal quotation marks and citation omitted).

The Court does not address Plaintiff's argument that 35 U.S.C. section 271 cannot serve as a basis for removal because Plaintiff would lack standing to assert a claim under the statute. (See Mot. 5-6).

From the substantiality inquiry, it follows that exercising jurisdiction here would also disturb "the congressionally approved balance of federal and state judicial responsibilities." Gunn , 568 U.S. at 258, 133 S.Ct. 1059 (citation omitted). Given the absence of a substantial issue of federal law, there is a stronger interest in allowing state courts to resolve claims arising under state law. See id. at 264, 133 S.Ct. 1059 (noting the Supreme Court had "no reason to suppose that Congress - in establishing exclusive federal jurisdiction over patent cases" intended to deprive state courts from hearing state claims "simply because they require resolution of a hypothetical patent issue.").

In the Notice of Removal, Defendant relies on Alexsam, Inc. v. WildCard Systems, Inc. , No. 15-CIV-61736, 2015 WL 13688558 (S.D. Fla. Nov. 20, 2015). (See Notice of Removal ¶ 15). In Alexsam , the basis for removal was 28 U.S.C. section 1454, see id. at *7, which Defendant does not assert here. In any event, the defendant in Alexsam removed the state-law claims after filing a patent non-infringement counterclaim. See id. Here, Defendant did not file a counterclaim or raise an affirmative defense to Plaintiff's Complaint before removing the action.